Andrew Leibnitz (State Bar No. 184723)
aleibnitz@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400

David W. Harlan (*pro hac vice*)
B. Scott Eidson (*pro hac vice*)
Richard L. Brophy (*pro hac vice*)
dharlan@armstrongteasdale.com
seidson@armstrongteasdale.com
rbrophy@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd. Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070

Attorneys for Plaintiff
CAVE CONSULTING GROUP, LLC

Patricia A. Welch (Cal. Bar No. 127889)
welch.patricia@dorsey.com
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, California  94301
Telephone:  (650) 857-1717

J. Thomas Vitt (*pro hac vice*)
vitt.thomas@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498
Telephone:  (612) 340-8779

Attorneys for Defendant
INGENIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAVE CONSULTING GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>OPTUMINSIGHT, INC., f/k/a INGENIX, INC.,<br><br>Defendant. | Case No.  5:11-cv-0469-EJD<br><br>**STIPULATED PROTOCOL FOR ELECTRONIC DISCOVERY** |

In order to simplify and facilitate the production of electronic documents and e-mail, the parties agree to follow the protocol herein for electronic discovery.

**A.    DEFINITIONS**

1.    "Litigation" means the case captioned *Cave Consulting Group, Inc. v. Ingenix, Inc.*, 5:11-CV-469 EJD (N.D. Cal.).

2.    "Electronically Stored Information" or "ESI" carries its broadest meaning consistent with Fed. R. Civ. P. 34(a)(1)(A).

3.    "Document" carries its broadest meaning consistent with Fed. R. Civ. P.

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO  63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY
Case No. 5:11-cv-0469-EJD

26444\3446818.1

34(a)(1)(A) and the definitions of "writings," "recordings," and "photographs" in Fed. R. Evid. 1001, and thus includes both ESI and Paper Discovery (defined below).

4. "Paper Discovery" means any Document or thing discoverable under Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 34(a)(1)(A) that is not ESI.

5. "Email" or "electronic mail" means an electronic means for communicating written information through structured data applications (*i.e.*, email client software) that can send, store, process, and receive information, regardless of whether such email is stored within the email client software, or within a hard drive or network location.

6. "Format" means the internal structure of an electronic file which defines the way it is stored and accessed.

7. "Native Format" means the Format of ESI in the application in which such ESI was originally created.

8. "Party" or "Parties" means Plaintiff and Defendant (collectively).

9. "Producing Party" means a Party that produces Documents.

10. "Receiving Party" means a Party to whom Documents are produced.

11. "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images, with multiple compression formats and resolutions.

12. "JPEG" refers to the Joint Photographic Experts Group's file format for storing graphic images using a compression algorithm.

13. "Production Bates Number" means the unique serial number attached to every page of a document produced.

**B.   SCOPE**

1. The procedures and protocols set forth herein shall govern the production of Documents between the Parties in the Litigation. To the extent they do not contradict the provisions below, the ESI provisions of Rules 16, 26, 33, 34, and 37 of the Federal Rules of Civil Procedure are incorporated herein. Any practice or procedure set forth herein may be varied by written agreement of the Parties.

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY       - 1 -
Case No. 5:11-cv-0469-EJD

26444\3446818.1

2. **Email Production**:

   a. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email. To obtain email, Parties must propound specific email production requests.

   b. Email production requests shall be phased to occur after the Parties meet and confer in good faith to discuss whether the production of emails is necessary, which shall not occur until after the Parties have exchanged initial disclosures and documentation showing the functionality or mechanics of the patent, the prior art, the accused instrumentalities and the relevant finances. Subsequent email requests shall not seek emails that also demonstrate the functionality or mechanics of the patent, if the initial production is sufficient to show same.

   c. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

   d. Email production requests shall identify the custodian, search terms, and date range. The Parties shall cooperate to identify the proper custodians, the proper search terms, and the proper timeframe for each request.

   e. Each Requesting Party shall limit its initial email production requests to a total of five (5) custodians per Producing Party for all such requests. After receipt of the production from the initial five (5) custodians, a Requesting Party may request production from up to three (3) additional custodians, provided that the Requesting Party sets forth a good faith explanation of the need for the additional requested discovery. If the Requesting Party sets forth a good faith explanation, the Producing Party shall comply. The Court shall consider contested requests for up to five (5) additional custodians per Producing Party, if the Requesting Party can demonstrate a distinct need based on the issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

   f. Each Requesting Party shall limit its email production requests to a total of five (5) search terms per custodian, which shall be vetted by the Producing Party based upon the

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY
Case No. 5:11-cv-0469-EJD

- 2 -

26444\3446818.1

hit rate and relevancy of the results, as analyzed by the platform used by the Producing Party. The Requesting Party and the Producing Party shall meet and confer regarding the results of the automated vetting, and the necessity for more or different search terms. The Parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional search terms per custodian, upon showing a distinct need based on the issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word and/or are common alternative ways to refer to the same thing, or unless the disjunctive combination is used as part of a conjunctive combination (e.g., "computer" and ("system" or "application")). Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

    3.    Notwithstanding anything to the contrary herein, the following Documents are not discoverable in the Litigation except upon a showing of good cause as may be determined by the Court:

    a.    Information contained on back-up tapes or other long-term, archival storage media that were created strictly for use as a disaster recover mechanism. If a Party requests that such long-term storage media be searched for a Document that is not cumulative of ESI stored in active media or that is not available as Paper Discovery, the parties agree to meet and confer in good faith regarding the request, and the presumption shall be that the requesting party will pay for the cost associated with restoring and searching said medium.

    b.    Temporary data stored in a computer's random access memory or RAM.

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY - 3 -
Case No. 5:11-cv-0469-EJD

26444\3446818.1

      c.      Temporary data such as voicemail, instant messages, social media postings and other forms of ESI that are not normally recorded and preserved in the course of the company's business operations.

    4.      The Receiving Party shall not use ESI that the Producing Party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

    5.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding

    6.      The mere production of ESI in the Litigation as part of a mass production shall not itself constitute a waiver for anypurpose.

    7.      The Parties shall meet and confer in good faith to resolve any disputes that arise under this Protocol. If the Parties cannot reach agreement on a disputed matter, they shall submit the matter to the Court.

**C.    PRODUCTION FORMAT**

    1.    **ESI Production Format**: The Parties shall produce each document in single-page Group IV Tagged Image File Format ("TIFF") format. TIFF files shall be single-page and shall be named with the first unique Production Bates Number of the document, followed by the extension ".TIF". An appropriate load file to be identified by each party, such as a Concordance load file, shall be provided to indicate the location and unitization of the TIFF files. Included in the load file would be document and attachment boundaries, folder groupings, box number, and any other physical groupings.

    2.    **Metadata:** The only metadata the Parties have an obligation to produce are: fields showing the date and time that the document was sent and received, as well as the complete distribution list; the subject field of all Email; the relationship data as described in paragraph C.1, and the relationship data as described in C.5, or as otherwise necessary to relate images to one another. Further, the Parties note that the collection of ESI, including metadata, may result in the inadvertent and erroneous modification of metadata.

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY
Case No. 5:11-cv-0469-EJD

- 4 -

26444\3446818.1

3. **Production of Paper Discovery:** At the discretion of the Producing Party, Paper Discovery may be produced in electronic form. Paper Discovery produced in electronic form need not be rendered text searchable via Optical Character Recognition ("OCR") or other means by the Producing Party. Nor is there any obligation to produce metadata fields associated with such Documents, except that such Documents shall be produced in the manner in which they were kept in the usual course of business. A Party need not produce a non-electronic duplicate of any Paper Discovery produced in electronic form, except that upon a reasonable request by the Receiving Party and a showing of good cause (for example, problems with legibility or formatting), the Producing Party must produce the Paper Discovery in its original format at a mutually agreeable time and place.

4. **Appearance and Content**: Subject to any necessary redaction, to the extent possible, each Document's image file shall contain the same information and same physical representation as the Document did in its original format, whether paper or electronic.

5. **Document Unitization**: If a Document is more than one page, to the extent possible, the unitization of the Document and any attachments or affixed notes shall be maintained as it existed when collected by the Producing Party. If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked.

6. **Color**: Documents containing color need not be produced in color unless the Receiving Party makes a reasonable request pursuant to Paragraph C.8 for the production of ESI in Native Format or pursuant to Paragraph C.3 for production of Paper Discovery in its original format, as applicable.

7. **Document Numbering**: Each page of a document produced (whether in paper or image format) shall have a sequential, legible, unique alphanumeric identifier ("Document Number") not less than six (6) digits electronically endorsed onto the image at a place on the document that does not obscure, conceal or interfere with any information originally appearing on the document. The Document Number for each Document shall be unique and created so as to identify the Producing Party and the Document Number (for example, "BETA0000000").

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY                - 5 -
Case No. 5:11-cv-0469-EJD

26444\3446818.1

8. **Production of ESI in Native Format**: Excel and PowerPoint documents shall be produced in native format. In addition, wherever production of a Document in a commercial image file format is impracticable or unreasonable (including without limitation video, animation, audio files and database files), the Producing Party must produce such Document in Native Format consistent with the 2006 Amendments to Rule 34 of the Federal Rules of Civil Procedure. The Producing Party shall collect and produce Documents in Native Format in a manner that preserves the integrity of the files. In all other instances, after initial production of ESI in TIFF, a party wanting to receive a Native Format copy of a Document may make a reasonable request. No Document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the Document before its collection. Native files shall be named with the corresponding Production Bates Number. A link to the native files shall be provided in a Native Path field within the load file. For the sake of clarity, this provision does not allow the production of all ESI in Native Format nor does it apply to source code, which is addressed in a separate protective order.

9. **Production Media**: The Producing Party shall produce images of Documents and load files on external hard drives, CDs, DVDs or other mutually agreeable media ("Production Media"). Each piece of Production Media shall include a unique identifying label corresponding to the identity of the Producing Party and the Document Number ranges of the Documents in that production (for example, "BetaNet Production, BETA0000123 - BETA0000456").

10. **Original Documents**: Nothing in this Protocol shall eliminate or alter any Party's obligation to retain Native Format copies of all ESI produced in the Litigation and original paper copies for all Paper Discovery produced in the Litigation.

11. **Third-Party Software**: Each party is individually responsible for obtaining any third party software necessary to render and/or view any Documents produced in the Litigation.

12. **Removal of Duplicates:** The Producing Party must take reasonable steps to remove all duplicative Documents using a global de-duplication process across all custodians prior to production.

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY
Case No. 5:11-cv-0469-EJD

- 6 -

26444\3446818.1

13.     **ESI of Limited Accessibility**:  If a Producing Party contends that any responsive ESI, excluding back-up tapes or other long-term storage media that were created strictly for use as a disaster recover mechanism, is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that Party shall timely identify such ESI with reasonable particularity and shall provide the Requesting Party with the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, an estimate of the likely costs that might be incurred in producing such ESI, the method used for storage of such ESI (for example, the type of system used to store the ESI), and where such ESI is kept.  The parties shall negotiate in good faith concerning the production of any such ESI.  If the Parties are unable to reach agreement, the Parties shall submit any dispute to the Court, who shall determine what burden may be imposed upon the Producing or Receiving Parties to resolve the dispute and whether or to what extent the costs of such production shall be borne by the Producing or Receiving Parties.

**D.     ADDITIONAL ISSUES**

1.     **English Language**:  If any Document exists in more than one language, the Document shall be produced in English, if available.  If no English version of a Document is available, the Producing Party does not have an obligation to produce an English translation of that Document and does not have an obligation to render that Document text-searchable via OCR or other means.

2.     **Protective Order**:  The terms of any Stipulated Protective Order filed with the Court also govern all productions made pursuant to this Protocol.

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO  63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY                - 7 -
Case No. 5:11-cv-0469-EJD

26444\3446818.1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 29, 2012                        Respectfully submitted,

                                                 FARELLA BRAUN + MARTEL LLP


                                                 By: /s/ Andrew Leibnitz
                                                     Andrew Leibnitz

                                                 ARMSTRONG TEASDALE, LLP
                                                 David W. Harlan (*pro hac vice*)
                                                 B. Scott Eidson (*pro hac vice*)
                                                 Richard L. Brophy (*pro hac vice*)

                                                 Attorneys for Plaintiff
                                                 CAVE CONSULTING GROUP, LLC

Dated:  November 29, 2012                        DORSEY & WHITNEY LLP


                                                 By: /s/ J. Thomas Vitt
                                                     J. Thomas Vitt *(pro hac vice)*

                                                 Patricia A. Welch (Cal. Bar No. 127889)

                                                 Attorneys for Defendant
                                                 INGENIX, INC.


### **CERTIFICATION OF ELECTRONIC SIGNATURES**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer of this document certifies that concurrence in the filing of this document has been obtained from each of the other signatories.

                                                 /s/ Andrew Leibnitz
                                                 Andrew Leibnitz


### **[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED this 26th day of ~~November, 2012~~. July, 2013.

                                                 ~~HON. EDWARD J. DAVILA~~
                                                 ~~United States District Judge~~
                                                 HON. HOWARD R. LLOYD
                                                 United States Magistrate Judge

Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 621-5070

STIPULATED PROTOCOL FOR
ELECTRONIC DISCOVERY
Case No. 5:11-cv-0469-EJD

- 8 -

26444\3446818.1