*E-Filed: September 10, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., | No. C11-00469 EJD (HRL) |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS TO INCLUDE A DEFENSE OF INDEFINITENESS** |
| v. | |
| OPTUMINSIGHT, INC., | |
| Defendant. | **[Re: Docket No. 126]** |

Cave Consulting Group, Inc. sues Optuminsight, Inc., f/k/a Ingenix, Inc. for infringement of U.S. Patent No. 7,739,126 ("the '126 patent"). Defendant moves for leave to amend its invalidity contentions to include a defense of indefiniteness as to asserted claims 10, 22, and 29 of the '126 patent. Dkt. No. 126. Plaintiff filed an opposition, Defendant filed a reply, and Plaintiff filed an objection to evidence submitted in support of the reply. Dkt. Nos. 132, 135, 136. Based on the moving and responding papers, as well as the arguments of counsel at the hearing on September 9, 2014, the Court grants the motion for leave to amend invalidity contentions.

**BACKGROUND**

The '126 patent involves technology for measuring and evaluating physician efficiency. Plaintiff asserts that Defendant infringes the '126 patent through its sales of its Impact Intelligence product for evaluating physician efficiency. Asserted claims 10, 22, and 29 require, among other things, calculating statistics using a "predefined set of medical conditions."

Plaintiff did not propose a claim construction for "predefined set of medical conditions" in its infringement contentions or claim construction submissions. The court issued a claim construction order in June 2013, but did not construe the term "predefined set of medical conditions." Fact discovery closed in March 2014, and the parties served opening expert reports and rebuttal expert reports in May 2014.

In a Rebuttal Report on Invalidity dated May 30, 2014, Plaintiff's expert Dr. Bryan Bergeron opined that "predefined set of medical conditions" should be construed as "a set of prevalent medical conditions." Defendant argues that this was the first time Plaintiff proposed a construction for "predefined set of medical conditions" different from the plain and ordinary meaning of the term.

On June 18, 2014, Defendant notified Plaintiff that it intended to seek leave to amend its invalidity contentions. Plaintiff did not consent to the amendment of invalidity contentions, and on July 29, 2014, Defendant moved for leave to amend its invalidity contentions to include a defense that Plaintiff's proposed construction of "predefined set of medical conditions" would render claims 10, 22, and 29 indefinite. Dkt. No. 126. Defendant expects that Plaintiff will file a motion for summary judgment[1] that advances a construction of "predefined set of medical conditions" that departs from the plain meaning of the term.

## LEGAL STANDARD

Under Patent Local Rule 3-6, parties may amend their invalidity contentions "by order of the Court upon a timely showing of good cause." To determine whether good cause exists, the court first considers whether the party moving to amend acted with diligence in promptly moving to amend when new information came to light. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). In determining whether a party acted diligently, the court considers whether the party "*could have* discovered" the new information "earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, No. C08-04144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010). The burden of showing diligence is on the moving party. *O2 Micro*, 467 F.3d at 1366. Next, the court considers whether there would be prejudice to the non-moving party.

---

[1] Any motions for summary judgment are due by September 12, 2014.

2

*See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C05-04158 MHP, 2008 WL 624771, at *2 (N.D. Cal. Mar. 4, 2008).

**DISCUSSION**

Good cause exists to allow Defendant to amend its invalidity contentions. Defendant acted with diligence by promptly moving to amend. Plaintiff first proposed a construction for "predefined set of medical conditions" in Dr. Bergeron's May 30, 2014 Rebuttal Report on Invalidity. Defendant notified Plaintiff of its intent to amend its invalidity contentions on June 18, 2014, and filed the present motion on July 29, 2014. Although this matter is in the late stages of litigation, this issue was created by Plaintiff's decision to propose a new construction for "predefined set of medical conditions" late in the proceedings, and could have been avoided had Plaintiff timely disclosed its proposed claim construction. In addition, this court has recognized the importance of deciding patent invalidity issues on the merits. *See, e.g.*, *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-01431 SBA, 2006 WL 1329997, at *7 (N.D. Cal. May 15, 2006) ("district courts are strongly encouraged to decide issues pertaining to invalidity when presented").

Plaintiff's arguments that Defendant failed to act diligently are unconvincing. First, Plaintiff argues that the issues relevant to indefiniteness arise from the intrinsic evidence of the patent alone and, therefore, Defendant had all of the information needed to raise an indefiniteness issue from the day Plaintiff filed suit. The case law that Plaintiff cites in support of this argument addresses the type of evidence that can be considered when a court construes claim terms. This is irrelevant. Defendant is not relying on Dr. Bergeron's opinion to advance a proposed claim construction. Rather, Defendant presents Dr. Bergeron's opinion to show the claim construction that Plaintiff intends to argue at trial.

Second, Plaintiff argues that Defendant has known of Plaintiff's understanding of the term "predefined set of medical conditions" since the early stages of litigation. In support of this argument, Plaintiff points to the specification and prosecution history of the '126 patent, arguments presented in the claim construction briefing and at the Markman hearing, the claim construction

order, the depositions of Yuri Alexandrian, Dr. Douglas Cave,[2] and John Calvin, Exhibit 7 (referred to in Mr. Calvin's Deposition), and Defendant's expert report by Dr. William Thomas. Although these materials discuss the '126 patent's disclosure of "marketbaskets" as a preferred embodiment of the invention and mention the term "predefined set of medical conditions," they do not lay out Plaintiff's interpretation of the disputed claim term.

As these issues are dispositive, the parties' remaining arguments will not be addressed.

## CONCLUSION

For the reasons stated above, Defendant's motion for leave to amend its invalidity contentions is granted. Defendant is granted leave to amend its invalidity contentions to set forth an additional defense that Plaintiff's proposed construction of "predefined set of medical conditions" would render claims 10, 22, and 29 indefinite.

**IT IS SO ORDERED.**

Dated: September 10, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff objects to the introduction of Exhibit K in Defendant's reply. Exhibit K includes testimony from Dr. Cave's deposition taken on October 10, 2013.
    First, Plaintiff argues that the introduction of this evidence is not permitted under Civil Local Rule 7-2(b)(4) because Defendant failed to produce this evidence in its opening brief. Plaintiff discussed Dr. Cave's deposition in its opposition. Defendant's inclusion of Exhibit K in its reply, which responds to Plaintiff's argument, is not improper.
    Second, Plaintiff argues that the introduction of selective deposition evidence fails to comport with the spirit of Federal Rule of Evidence 106 by neglecting to apprise the Court of the parties' affirmative agreement that inventors would not address issues of claim scope during deposition. Accordingly, the Court considers this evidence in the context of the parties' agreement that inventors would not offer testimony regarding the scope of the asserted claims during deposition.

**C11-00469 EJD (HRL) Notice will be electronically mailed to:**

B. Scott Eidson     seidson@armstrongteasdale.com, jasullivan@armstrongteasdale.com, mharris@armstrongteasdale.com

David Allan Couillard     couillard.david@dorsey.com, niemczycki.sarah@dorsey.com

David W. Harlan     dharlan@armstrongteasdale.com, jasullivan@armstrongteasdale.com, mharris@armstrongteasdale.com

Devan Viswanathan Padmanabhan     dpadmanabhan@winthrop.com, aarce@winthrop.com

J. Thomas Vitt     vitt.thomas@dorsey.com, hesse.karen@dorsey.com

Mariah Luretta Reynolds     reynolds.mariah@dorsey.com, fairbairn.mary@dorsey.com

Mark A Thomas     mathomas@armstrongteasdale.com

Noel Andrew Leibnitz     aleibnitz@fbm.com, calendar@fbm.com, jamante@fbm.com

Patricia Anne Welch     eFilingPA@dorsey.com, lee.janet@dorsey.com, welch.patricia@dorsey.com

Paul D. Ackerman     paulackerman@andrewskurth.com, josephwigfall@andrewskurth.com

Richard Louis Brophy     rbrophy@armstrongteasdale.com

Shannon L Bjorklund     bjorklund.shannon@dorsey.com

Sri K. Sankaran     ssankaran@winthrop.com, aarce@winthrop.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**