1   DORSEY & WHITNEY LLP
Patricia A. Welch (Cal. Bar No. 127889)
2   305 Lytton Avenue
Palo Alto, California 94301
3   Telephone: (650) 857-1717
Facsimile: (650) 857-1288
4   Email: welch.patricia@dorsey.com

5   DORSEY & WHITNEY LLP
J. Thomas Vitt (*pro hac vice*)
6   Shannon L. Bjorklund (*pro hac vice*)
David A. Couillard (*pro hac vice*)
7   Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
8   Telephone: (612) 340-2600
Facsimile: (612) 340-2868
9   Email: vitt.thomas@dorsey.com
        reynolds.mariah@dorsey.com
10         couillard.david@dorsey.com

11   ANDREWS KURTH LLP
Paul D. Ackerman (*pro hac vice*)
12   450 Lexington Avenue
New York, NY 10017
13   Telephone: (212) 850-2858
Facsimile: (212) 813-8148
14   Email: PaulAckerman@andrewskurth.com

15   Attorneys for Defendant/Counterclaim Plaintiff
OPTUMINSIGHT, INC.

**IT IS SO ORDERED**
*Judge Edward J. Davila*
Dated: 12/18/2014

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> OPTUMINSIGHT, INC., <br><br> Defendant/Counterclaim Plaintiff. | CASE NO. 5:11-CV-0469-EJD <br><br> **STIPULATED SUBMISSION OF ADDITIONAL EVIDENCE FOLLOWING ORAL ARGUMENT ON MOTIONS FOR SUMMARY JUDGMENT** |

Pursuant to the Court's direction at the December 12, 2014 hearing in this matter, OptumInsight hereby submits two additional documents. The first document, attached hereto as Exhibit A, is a true and correct copy of OptumInsight's Supplemental Response to Interrogatory No. 15, served March 4, 2014. The second document, attached hereto as Exhibit B, is a true, correct and complete copy of an email exchange between Paul Ackerman (counsel for OptumInsight) and Richard Brophy (counsel for CCGroup) in March 2014.

DATED: December 17, 2014           DORSEY & WHITNEY LLP


By: *s/ Paul D. Ackerman*
    J. Thomas Vitt (*pro hac vice*)
    Patricia A. Welch (Cal. Bar No. 127889)
    Shannon L. Bjorklund (*pro hac vice*)
    David A. Couillard (*pro hac vice*)

ANDREWS KURTH LLP
Paul D. Ackerman (*pro hac vice*)

Attorneys for Defendant/Counterclaim Plaintiff
OPTUMINSIGHT, INC.

## **ATTESTATION OF ELECTRONIC SIGNATURES**

Pursuant to Local Rule of Practice in Civil Proceedings 5-1(i)(3), the undersigned filer of this document attests that concurrence in the filing of this document has been obtained from each of the signatories.

DATED:  December 17, 2014  DORSEY & WHITNEY LLP


By: *s/ David A. Couillard*
     David A. Couillard

# Exhibit A

DORSEY & WHITNEY LLP
Patricia A. Welch (Cal. Bar No. 127889)
305 Lytton Avenue
Palo Alto, California 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
Email: welch.patricia@dorsey.com
       eFilingPA@dorsey.com

DORSEY & WHITNEY LLP
J. Thomas Vitt (*admitted pro hac vice*)
Peter M. Lancaster (*admitted pro hac vice*)
Mariah L. Reynolds (*admitted pro hac vice*)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
Email: vitt.thomas@dorsey.com

ANDREWS KURTH LLP
Paul D. Ackerman (*admitted pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212)-850-2858
Facsimile: (212)-813-8148
Email: paulackerman@andrewskurth.com

Attorneys for Defendant and Counterclaimant
OPTUMINSIGHT, INC. f/k/a INGENIX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPTUMINSIGHT, INC. <br><br> Defendant. | CASE NO. 5:11-CV-0469 EJD <br><br> **DEFENDANT'S SUPPLEMENTAL ANSWER TO CAVE CONSULTING GROUP, INC.'S INTERROGATORY NO. 15** |

OPTUMINSIGHT, INC.

       Counterclaimant,

v.

CAVE CONSULTING GROUP, INC.

       Counterdefendant.

## GENERAL OBJECTIONS

OptumInsight incorporates by reference and restates the General Objections set forth in Ingenix's Responses to CAVE CONSULTING GROUP, INC.'S FIRST SET OF INTERROGATORIES.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 15:

State whether the Ingenix Software, or any other software product known to Ingenix, generated physician efficiency scores using a subset of all medical conditions attributed to a specialist prior to March 2, 2003. If your answer is "yes," identify: (a) the name of the software; (b) date the software was first sold or offered for sale, or publicly used; and (c) all evidence (by Bates number) Ingenix has to support its responses to the foregoing.

**ANSWER:**

OptumInsight objects to this interrogatory to the extent that it is vague with respect to the terms "physician efficiency scores" and "subset of all medical conditions attributed to a specialist." As this interrogatory is currently understood, OptumInsight responds as follows:

    1.    (a)    Impact Analysis (which is now Impact Intelligence).

           (b)    OptumInsight is still investigating the date on which Integrated Healthcare Information Services, Inc. (IHCIS) first sold or otherwise made this product publicly available, but this date is no later than September 25, 2002. *See* ING00006171.

           (c)    ING00005844-5937; ING00005938-6003; ING6169-6173

DEFENDANT'S SUPPLEMENTAL ANSWER TO CAVE CONSULTING GROUP, INC.'S
INTERROGATORY NO. 15
CASE NO. 5:11-CV-0469 EJD

2

    2.     (a)     O'Pin Analytic Pathways/Ingenix Pathways

          (b)     OptumInsight is still investigating the date on which O'PIN Systems first sold or otherwise made this product publicly available, but this date is believed to be no later than 1996.

          (c)     ING00008108-8420; ING00008421-8667; ING0008668-8673; ING00008674-8705, ING8706-8944; ING00008945-9136; ING 000045856-45878; ING000046647-46669; ING00049275-49278.

    3.     (a)     Procise

          (b)     OptumInsight's investigation is ongoing. Based on information currently avaialable, OptumInsight responds that Procise Practice and Procise Analyzers were first sold on or about 2002.

          (c)     ING00006024-6083; ING00007977- 8096

**SUPPLEMENTAL ANSWER**:

OptumInsight objects to this interrogatory to the extent that it is vague with respect to the terms "physician efficiency scores" and "subset of all medical conditions attributed to a specialist." As this interrogatory is currently understood, OptumInsight responds as follows:

    1.     (a)     Impact Analysis  (which is now Impact Intelligence) and was formerly referred by specific module names, including Specialty Profile and Primary Profile .

          (b)     OptumInsight is still investigating the date on which Integrated Healthcare Information Services, Inc. (IHCIS) first sold or otherwise made this product publicly available under the name Impact Analysis, but this date is no later than July 5, 2001. See ING00253496-532. Upon information and belief, IHCIS was performing physician profiling services at least as early as 1998.

DEFENDANT'S SUPPLEMENTAL ANSWER TO CAVE CONSULTING GROUP, INC.'S
INTERROGATORY NO. 15
CASE NO. 5:11-CV-0469 EJD

3

(c) Documents supporting this response, include: ING00005844-5937; ING00005938-6003; ING6169-6173; ING00066872-66942;- ING00067014-17; ING00067018-37; ING00067038-48; ING00071308-12; ING00071313-76; ING00071377-440; ING00080204; ING00080827-51; ING00080969; ING00080970-71; ING00080972-73; ING00080974-77; ING00080978-81; ING00080982-81008; ING00081009-22; ING00081023-102; ING00081103-145; ING00081357-81364; ING00081390-415; ING00113714-888; ING00227615-623; ING00246247-289; ING00246290-293; ING00246294-297; ING00253496-532; ING00255412-425; ING00668239-255; ING00668272-275; ING00919625; ING00919626-921249; ING00919250-923149; ING00923150-929373; ING00929374-930439; ING00930440-937924; ING00937925-938512; ING00938513-ING00940859.

2. (a) O'Pin Analytic Pathways/Ingenix Pathways

(b) OptumInsight is still investigating the date on which O'PIN Systems first sold or otherwise made this product publicly available, but this date is believed to be no later than 1996.

(c) Documents supporting this response include at least the following: ING00008108-8420; ING00008421-8667; ING0008668-8673; ING00008674-8705, ING8706-8944; ING00008945-9136; ING 000045856-45878; ING000046647-46669; ING00049275-49278.

3. (a) Procise Practice

(b) OptumInsight's investigation is ongoing. Based on information currently avaialable, OptumInsight responds that Procise Practice and Procise Analyzers were first sold or otherwise made publicly available no later than June 2001. *See* ING00917995-918187.

(c) Documents supporting this response include at least the following: ING00006024-6083; ING00007977-8096; ING00077212-285; ING00077286-353; ING00077836-61; ING00078008-79; ING00078080-137; ING00078138-209; ING00081437-

874; ING00917439-470; ING00917734-736; ING00917741-778; ING00917779-969; ING00917970-971; ING00917972; ING00917973-994;ING00917995-918187; ING00991837-839; ING00919573-605.

Dated:  March 4, 2014

ANDREWS KURTH LLP

By:     /s/ *Paul D. Ackerman*

Paul D. Ackerman

# CERTIFICATE OF SERVICE

The undersigned counsel of record for defendant, OptumInsight, Inc. f/k/a Ingenix, Inc., hereby certifies that the attached **DEFENDANT'S SUPPLEMENTAL ANSWER TO CAVE CONSULTING GROUP, INC.'S INTERROGATORY NO. 15** was served on counsel for plaintiff by electronic mail on March 4, 2014, before 5 p.m., to the email addresses set forth below:

> **Richard L. Brophy**
> Armstrong Teasdale
> RBrophy@ArmstrongTeasdale.com
>
> **Scott Eidson**
> SEidson@ArmstrongTeasdale.com
>
> **David Harlan**
> Armstrong Teasdale
> DHarlan@ArmstrongTeasdale.com

# Exhibit B

| | |
|---|---|
| **From:** | Richard L. Brophy <RBrophy@ArmstrongTeasdale.com> |
| **Sent:** | Wednesday, March 19, 2014 11:50 AM |
| **To:** | Ackerman, Paul; Scott Eidson; David W. Harlan; Mark A. Thomas |
| **Cc:** | Vitt, Thomas; Levitt, Kenneth; Bjorklund, Shannon; Couillard, David; Scanlon, Laurie |
| **Subject:** | RE: Cave v. OptumInsight [IWOV-idocs.FID2188648] |

Paul,

Thank you for your email.

We disagree with your position and will move to strike any evidence, testimony or expert report offered by OptumInsight that relies on evidence that was not properly disclosed under the applicable local rules.

Thanks,
Richard



Armstrong Teasdale LLP

**Richard L. Brophy** | Attorney – IP Litigation
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
DIRECT: 314.342.4159 | FAX: 314.613.8579 | MAIN OFFICE: 314.621.5070 | CELL: 314.566.5117
rbrophy@armstrongteasdale.com
www.armstrongteasdale.com


**From:** Ackerman, Paul [mailto:PaulAckerman@andrewskurth.com]
**Sent:** Monday, March 10, 2014 2:58 PM
**To:** Richard L. Brophy; Scott Eidson; David W. Harlan; Mark A. Thomas
**Cc:** 'Vitt.Thomas@dorsey.com'; Levitt.Kenneth@dorsey.com; bjorklund.shannon@dorsey.com; couillard.david@dorsey.com; Scanlon.Laurie@dorsey.com
**Subject:** RE: Cave v. OptumInsight [IWOV-idocs.FID2188648]

Richard,

Responding to your email below, it is our position that OptumInsight's First Amended Invalidity Contentions properly detail the invalidity defenses based on the Impact Analysis, O'Pin Pathways and Procise Practice systems. The documents identified in Interrogatory No. 15 do not alter these theories of invalidity nor do they add new theories of invalidity. Rather, these documents may be relied upon to provide historical foundation and additional evidentiary corroboration for the positions that have been properly detailed in the invalidity contentions.

For example, with respect to Impact Analysis, contract documents such as the June 4, 2002 Services Agreement and Task Order with Presbyterian Healthcare Services (ING81357-61; ING81390-81410) provide evidentiary support for the contention that Impact Analysis was sold more than a year prior to the filing date of the '126 patent. (*See also*, Blue Cross Blue Shield-MA Impact Documentation - July 5, 2001, showing that Impact Analysis was known by others prior to Cave's invention date (ING00253496-531)). A press release dated September 25, 2002 identifies Presbyterian as an

IHCIS customer for Impact Analysis.  (ING6171).   Sample reports generated by Impact Analysis, such as ING66272-27, ING24690-293, ING246294-297, provide corroboration that the Impact Analysis system detailed in OptumInsight's invalidity contentions was indeed being commercially used to service IHCIS customers.  The SAS code, *e.g.,* ING 246290-293, ING 246294-297 and ING 921250-938512, further confirms that Impact Analysis was known and used prior to March 2, 2003 (as well as Cave's alleged invention date of March 14, 2002), and may also be relied on to establish how the features previously identified and relied upon in Optum's invalidity contentions were actually performed by the system.   None of this evidence, however, alters the theories of invalidity presented in Optum's invalidity contentions, *e.g.* that Impact Analysis anticipates the asserted claims of the '126 patent, as CCGroup has construed and applied those claims, as detailed in the claim charts of Exhibit B of those contentions.

We clearly do not agree with your position that the documents identified in Interrogatory No. 15 are "prejudicial to CCGroup in ways that cannot be cured at this late stage in the case."   As noted above, the documents are complementary proof of defenses that have been properly detailed in OptumInsight's contentions since the beginning of the case.  Cave received these documents, which on their face identify the systems they apply to, well before deposing any relevant witness.  Moreover, as the documents were produced, the subject matter of the documents was expressly identified for your team (See, e.g., Laurie Scanlon's email of November 14, 2013, "These documents [ING81310-81436] include additional agreements relating to Impact Analysis." Laurie Scanlon's email of November 22, 2013, "The majority of this production includes the beginning of a rolling production of Electronic Discovery files being produced pursuant to agreement of the parties and as set out in the Stipulated Protocol for Electronic Discovery (ING00081875-ING00246243), along with a small number of marketing summaries/presentations, and documents relating to Impact Analysis.")  In short, not only was Cave on clear notice of Optum's invalidity defenses, but Cave was also clearly on notice that the documents now identified in Interrogatory No. 15 relate to OptumInsight's invalidity defenses set forth in its invalidity contentions.  Cave will have additional opportunity to examine witnesses on these documents, and on Optum's invalidity case, during the expert phase of the case.  This includes Dan Dunn, who we anticipate naming as an expert witness for trial, in addition to his role as a fact witness.

Although the documents were located within Optum's facilities, as you are aware, the documents in question are over ten years old and many of these documents were created prior to the acquisition of the companies that created them.  The documents were not located in formal document repositories of the company and were found only after a continuing and diligent search and were promptly produced once they were located.

We do not believe that the Local Rules or case law require supplementation or amendment of OptumInsight's invalidity contentions to identify each piece of evidence that may be used to corroborate or otherwise prove invalidity theories that are detailed in the invalidity contentions.  *See e.g., Genentech, Inc. v. Trustees of the University of Pennsylvania*, 2012 WL 424985 @ 4; *Oracle America, Inc. v. Google, Inc.*, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011).   If you disagree, and Cave intends to move to strike any expert testimony relying on the documents identified in response to Interrogatory No. 15 or otherwise move to preclude OptumInsight's use of such evidence at trial due to the documents not being listed in Optum's initial invalidity contentions, please let us know (as well as the basis for this position) so that we can promptly decide whether to bring this issue to the Court's attention now and either seek leave to amend the invalidity contentions or obtain confirmation from the Court that such complementary proof is admissible in support of OptumInsight's contentions.

Regards,

Paul


**Paul D. Ackerman**
Partner

**Andrews Kurth LLP**
450 Lexington Avenue
New York, New York 10017

212.850.2858 Phone
212.813.8148 Fax
212.850.2842 Assistant Phone - Joseph Wigfall
PaulAckerman@andrewskurth.com
vCard | Bio | andrewskurth.com

---

**From:** Richard L. Brophy [mailto:RBrophy@ArmstrongTeasdale.com]
**Sent:** Tuesday, March 04, 2014 6:33 PM
**To:** Ackerman, Paul; Scott Eidson; David W. Harlan; Mark A. Thomas
**Cc:** 'Vitt.Thomas@dorsey.com'; Levitt.Kenneth@dorsey.com; bjorklund.shannon@dorsey.com; couillard.david@dorsey.com; Scanlon.Laurie@dorsey.com
**Subject:** RE: Cave v. OptumInsight [IWOV-idocs.FID2188648]

Paul,

OptumInsight's recent amendment of its Interrogatory Responses, which identify certain documents, appear to be a prelude to a request for leave to amend its invalidity contentions. Please let me know immediately if that is the case.

So you are aware, we will oppose any request to amend as untimely and prejudicial to CCGroup in ways that cannot be cured at this late stage in the case. Moreover, it appears at first glance that the referenced documents have been in OptumInsight's control since the beginning of this case over 3 years ago.

Richard



Armstrong Teasdale LLP
**Richard L. Brophy** | Attorney – IP Litigation
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105–1847
DIRECT: 314.342.4159 | FAX: 314.613.8579 | MAIN OFFICE: 314.621.5070 | CELL: 314.566.5117
rbrophy@armstrongteasdale.com
www.armstrongteasdale.com

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PRIVATE AND CONFIDENTIAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.**

**From:** Ackerman, Paul [mailto:PaulAckerman@andrewskurth.com]
**Sent:** Tuesday, March 04, 2014 2:45 PM
**To:** Richard L. Brophy; Scott Eidson; David W. Harlan; Mark A. Thomas
**Cc:** 'Vitt.Thomas@dorsey.com'; Levitt.Kenneth@dorsey.com; bjorklund.shannon@dorsey.com; couillard.david@dorsey.com; Scanlon.Laurie@dorsey.com
**Subject:** Cave v. OptumInsight

Counsel:

Attached please find OptumInsight's supplemental response to Cave Consulting's Interrogatory No. 15.

Best regards,

Paul


**Paul D. Ackerman**
Partner

**Andrews Kurth LLP**
450 Lexington Avenue
New York, New York 10017
212.850.2858 Phone
212.813.8148 Fax
212.850.2842 Assistant Phone - Joseph Wigfall
PaulAckerman@andrewskurth.com
vCard | Bio | andrewskurth.com

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth LLP operates as a limited liability partnership. Andrews Kurth (Middle East) JLT is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

US Treasury Circular 230 Disclosure: Any tax advice in this email (including any attachment) is not intended or written to be used, and cannot be used, by any person, for the purpose of avoiding penalties that may be imposed on the person. If this email is used or referred to in connection with the promoting or marketing of any transaction(s) or matter(s), it should be construed as written to support the promoting or marketing of the transaction(s) or matter(s), and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax adviser.


Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth LLP operates as a limited liability partnership. Andrews Kurth (Middle East) JLT is registered and licensed as a Free Zone company under the rules

and regulations of DMCCA. Andrews Kurth (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

US Treasury Circular 230 Disclosure: Any tax advice in this email (including any attachment) is not intended or written to be used, and cannot be used, by any person, for the purpose of avoiding penalties that may be imposed on the person. If this email is used or referred to in connection with the promoting or marketing of any transaction(s) or matter(s), it should be construed as written to support the promoting or marketing of the transaction(s) or matter(s), and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax adviser.