UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAVE CONSULTING GROUP, LLC,<br><br>        Plaintiff(s),<br>  v.<br><br>OPTUMINSIGHT, INC.,<br><br>        Defendant(s). | Case No. 5:11-cv-00469-EJD<br><br>**ORDER CLARYFIYING ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 284, 288 |

       Plaintiff Cave Consulting Group, LLC, ("CCGroup") requests leave to file a motion for reconsideration of the Court's summary judgment order of February 20, 2015 (the "Order"),[1] on the grounds that the Order does not address CCGroup's request for relief that Defendant OptumInsight, Inc., ("OptumInsight") cannot prevail on its invalidity arguments under 35 U.S.C. §§ 102, 103, and 112.[2] The relevant factual background is contained in the Order and is not repeated here. After reviewing CCGroup's arguments the Court finds it appropriate to instead clarify the Order with the following discussion.

       Rather than granting CCGroup's motion for summary judgment of validity of the '126 Patent under § 102(a), (b), and (g), the Court denied summary adjudication of invalidity under these provisions to OptumInsight.[3] Nevertheless, the determination in the Order necessarily concludes a similar finding: that OptumInsight cannot meet its clear and convincing burden on

---

[1] See Dkt. No. 282.
[2] Civil L.R. 7-9(b)(3).
[3] See Dkt. No. 282.

1

Case No.: 5:11-cv-00469-EJD
ORDER CLARYFIYING ORDER ON MOTIONS FOR SUMMARY JUDGMENT

invalidity under those sections.[4]  Accordingly, to the extent such a determination was not made explicit in the Order, the Court GRANTS CCGroup's motion for summary judgment of validity of the '126 Patent under § 102(a), (b), and (g) for the same reasons as set forth in the Order.  As a result, CCGroup's additional arguments of validity of the '126 Patent under § 102, as discussed in its motion for leave, not be addressed.

Next, as to CCGroup's motion for summary judgment under § 112 of the '126 Patent, the Court determined in the Order that there are disputed factual issues for trial regarding OptumInsight's written description and enablement defenses.[5]  There is, therefore, no reason to clarify that ruling.  Thus, for the same reasons as set forth in the Order, the Court DENIES CCGroup's motion for summary judgment as to § 112.

Finally, CCGroup also requests the Court grant a summary judgment of validity under § 103 based on the conclusion that a single sentence from the Cave Advertisement cannot satisfy three specific limitations of asserted claims 22 and 29.[6]  The Court disagrees that such a clarification is appropriate.

As a preliminary matter, CCGroup improperly asks this Court for the first time in its motion for reconsideration to grant summary judgment of validity of the '126 Patent under § 103 with respect to the Cave webpage article.[7]  A party moving for reconsideration must show a failure by the Court to consider "legal arguments which were presented to the Court before such interlocutory order."[8]  Here, CCGroup did not explicitly seek summary judgment of validity with respect to obviousness under § 103.[9]  CCGroup did not substantially address obviousness aside from "conclusory statements."[10]  As such, it is procedurally improper for CCGroup now to ask this Court to grant summary judgment of validity of the '126 Patent under § 103, when it did not ask for such relief originally.

---

[4] See id.
[5] See id. at 21.
[6] See Dkt. No. 284-1 at 4.
[7] See id.
[8] In re Google AdWords Litigation, 2012 WL 1595177, at *2 (N.D. Cal. May 4, 2012) ("deciding an issue for the first time on a motion for reconsideration would be procedurally improper.").
[9] See Dkt. 148 at 23-25.
[10] Dkt. 169 at 22 n.10.

1     Next, CCGroup argues that OptumInsight "relies exclusively on the Cave Advertisement to satisfy the first two of these limitations."[11] Therefore, CCGroup argues that a single sentence from the Cave Advertisement cannot satisfy the three specific limitations of the asserted claims 22 and 29.[12] Again, CCGroup is improperly asking this Court to grant summary judgment of validity under § 103. The Order does not preclude Dr. Thomas's reference to combining "the feature of ETGs" with Cave webpage article. At a minimum, this contention presents a question of material fact for the jury to address with respect to whether the combinations render the limitations obvious. Accordingly, the Court's finding that the Cave webpage article itself does not disclose all the limitations does not prevent a contention that the '126 Patent is obvious under § 103. Therefore, the Court DENIES CCGroup's request for summary judgment of validity under § 103 because it is procedurally improper and a question of material fact for the jury.

Since these clarifications resolve all of CCGroup's arguments for reconsideration, the Court DENIES the motion for leave as moot. The Court also DENIES as moot OptumInsight's motion for leave to file a response.

**IT IS SO ORDERED.**

Dated: February 23, 2015



EDWARD J. DAVILA
United States District Judge

---

[11] See Dkt. No. 284-1 at 4.
[12] See id.

3

Case No.: 5:11-cv-00469-EJD
ORDER CLARYFIYING ORDER ON MOTIONS FOR SUMMARY JUDGMENT